Jeremy E. Branch, CA Bar #303240
Law Offices of Jeffrey Lohman
4740 Green River Rd Ste 310
Corona, CA 92880
Telephone: (866) 329-9217

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| ERICA DEROSA, | ) |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S COMPLAINT AND** |
| | ) **DEMAND FOR JURY TRIAL** |
| – vs – | ) |
| | ) |
| CAPITAL ONE BANK (USA), N.A., | ) |
| | ) |
| Defendant. | ) |
| | ) |

# COMPLAINT

NOW COMES Plaintiff, ERICA DEROSA ("Plaintiff"), through her attorneys, hereby alleges the following against Defendant, CAPITAL ONE BANK (USA), N.A. ("Defendant"):

# INTRODUCTION

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting

Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq.* and in violation of California's Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA"), Ca Civ. Code § 1788.17.

2. The TCPA was legislated to prevent companies like CAPITAL ONE BANK (USA), N.A. from invading Americans' privacy by stopping abusive "robo-calls." The legislative history "described these calls as the 'scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option; telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

## **JURISDICTION AND VENUE**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within

this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## PARTIES

5. Plaintiff is a natural person residing in Orange County, in the city of Anaheim, California.

6. Defendant is a Virginia corporation doing business in Maine and has its principal place of business in McLean, Virginia. Defendant is a "person" as defined by 47 U.S.C. § 152 (39).

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

9. Plaintiff is the "called party." See Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014).

10. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (831) XXX-2997.

11. Defendant placed collection calls to Plaintiff from phone numbers including, but not limited to, (800) 955-6600.

12. Upon information and belief, based on the number, frequency and timing of the calls, and on Defendant's prior business practices, Defendant's calls were placed with an automatic telephone dialing system.

13. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff.

14. Defendant's calls were not for emergency purposes, which would be excepted by 47 U.S.C. § 227(b)(1)(A).

15. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

17. On or about January 11, 2019, Plaintiff spoke with a representative of Defendant's company at phone number (800) 955-6600 and told Defendant to stop calling her cellular telephone.

18. During the January 11, 2019 conversation, Plaintiff gave Defendant her name, social security number and address, in order to assist Defendant in identifying and accessing her account before asking Defendant to stop calling her cellular telephone

19. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on January 11, 2019.

20. Despite Plaintiff's request to cease, Defendant continued to place calls to Plaintiff's cellular telephone after January 11, 2019.

21. Despite Plaintiff's request that Defendant cease placing automated collection calls to Plaintiff via the use of an automatic dialing system, Defendant continued to place at least fifty-six (56) telephone calls via the use of an automatic dialing system to Plaintiff's cellular telephone.

22. Defendant placed the great number of telephone calls to Plaintiff with the sole intention of harassing Plaintiff in such a manner as to cause Plaintiff to pay the alleged debt claimed by Defendant, even when Plaintiff admittedly had impaired ability to pay. This telephonic harassment caused Plaintiff considerable anxiety and emotional distress.

# FIRST CAUSE OF ACTION
# NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
# 47 U.S.C. § 227

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

25. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of five hundred dollars ($500) in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

26. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, ERICA DEROSA, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A., as follows:

a. Awarding Plaintiff statutory damages of five hundred dollars ($500) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: fifty-six (56) for a total of twenty-eight thousand dollars ($28,000);

b. Awarding Plaintiff actual damages and compensatory damages according

to proof at time of trial; and

c. Granting Plaintiff such other and further relief as may be just and proper.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 et. seq.

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

29. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of on thousand five hundred dollars ($1,500) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, ERICA DEROSA, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A., as follows:

a. Awarding Plaintiff statutory damages of one thousand five hundred

dollars ($1,500) multiplied by the number of knowing and/or willful violations of the TCPA alleged herein, to wit: fifty-six (56) for a total of eighty-four thousand dollars ($84,000);

b. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

Granting Plaintiff such other and further relief as may be just and proper.

### THIRD CAUSE OF ACTION
### DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CA CIV CODE § 1788.17

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

32. Defendant, in the ordinary course of business, regularly on behalf of itself engages in debt collection. Here, Defendant's incessant, harassing, calls were for the sole purpose of collecting on a debt allegedly owed by Plaintiff to Defendant. Defendant is a debt collector under Cal. Civ. Code Ann. § 1788.2 (West).

33. Plaintiff is a natural person from whom Defendant, a debt collector, sought to collect a consumer debt allegedly due and owing from Plaintiff. Plaintiff is a debtor under Cal. Civ Code Ann. § 1788.2 (West).

34. On or about January 11, 2019, Plaintiff called into Defendant and spoke with a representative and asked not to be called on her cellular telephone.

35. Subsequent to this conversation Defendant called Plaintiff on her cell phone at least fifty-six (56) times.

36. Since Plaintiff requested not to be called by Defendant coupled with the amount of calls Defendant made to Plaintiff, it is clear that Defendant made the calls with the intent to harass Plaintiff.

37. Defendant violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") based on the following:

   a. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

WHEREFORE, Plaintiff, ERICA DEROSA, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A., as follows:

   c. Awarding Plaintiff statutory damages of one thousand dollars ($1,000);

   d. Awarding Plaintiff Attorney Fees;

   e. Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

Granting Plaintiff such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

38. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: July 31, 2019                    By: *Jeremy E. Branch*
                                        Attorneys for Plaintiff